IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH TOMADA,

          Plaintiff,

      v.

SANDRA SPAGNOLI, and DOES 1-20,
inclusive,

          Defendants.

2:10-CV-00856-GEB-DAD

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS[*]

Defendant Sandra Spagnoli ("defendant") moves for dismissal of plaintiff's Complaint with prejudice, under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). Defendant argues the two claims comprising plaintiff's Complaint should be dismissed since plaintiff has failed to sufficiently allege that he was deprived of a constitutional right. (Mot. to Dismiss 1:26-2:6). For the reasons stated below, defendant's dismissal motion is granted without prejudice.

## I. LEGAL STANDARD

A dismissal motion under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. Novarro v. Black, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

and plain statement of the claim showing that the pleader is entitled
to relief . . . ." Fed. R. Civ. P. 8(a)(2). The complaint must "give
the defendant fair notice of what the [plaintiff's] claim is and the
grounds upon which relief rests . . . ." <u>Bell Atlantic Corp. v.
Twombly</u>, 550 U.S. 544, 555 (2007).

Dismissal of a claim under Rule 12(b)(6) is appropriate only
where the complaint either 1) lacks a cognizable legal theory, or 2)
lacks factual allegations sufficient to support a cognizable legal
theory. <u>Balistreri v. Pacific Police Dept.</u>, 901 F.2d 696, 699 (9th
Cir. 1988). To avoid dismissal, a plaintiff must allege "only enough
facts to state a claim to relief that is plausible on its face."
<u>Twombly</u>, 550 U.S. at 547.

In deciding a Rule 12(b)(6) motion, the material allegations
of the complaint are accepted as true and all reasonable inferences
are drawn in favor of the plaintiff. See <u>al-Kidd v. Ashcroft</u>, 580
F.3d 949, 956 (9th Cir. 2009). The Court must also assume that
general allegations embrace the necessary, specific facts to support
the claim. <u>Smith v. Pacific Prop. And Dev. Corp</u>. 358 F.3d 1097, 1106
(9th Cir. 2004). However, neither conclusory statements nor legal
conclusions are entitled to a presumption of truth. See <u>Ashcroft v.
Iqbal</u>, 129 S. Ct. 1937, 1949-50 (2009); <u>Twombly</u>, 550 U.S. at 555.
Additionally, courts will not assume that the plaintiff "can prove
facts that it has not alleged, or that the defendants have violated...
laws in ways that have not been alleged." <u>Assoc. General Contractors
of Cal., Inc. v. Cal. State Council of Carpenters</u>, 459 U.S. 519, 526
(1983).

If a Rule 12(b)(6) is granted, the "district court should
grant leave to amend even if no request to amend the pleadings is

made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)(quoting Doe v. U.S., 58 F.3d 484, 497 (9th Cir. 1995)).

## II. FACTUAL ALLEGATIONS

Plaintiff alleges two doe defendant City of Benicia police officers violated his federal Fourth Amendment right when they failed to protect him from being attacked by an intoxicated person. Plaintiff alleges in his Complaint that he was at a nightclub with family and friends in Benecia, California, and "was accosted" by a number of intoxicated patrons as he was leaving the nightclub. (Compl. ¶ 6.)

Plaintiff alleges that he "sought, and received, assistance from" City of Benicia police officers. (Id., ¶ 7.)  Plaintiff alleges after the officers intervened, they "became aware that one of the drunk patrons was illegally carrying a concealed knife; and that he had threatened plaintiff with that knife." (Id.)  Plaintiff further alleges "[d]espite the . . . clear indication that plaintiff was in distress . . . , [the] officers instructed plaintiff to simply walk away" in deliberate indifference "that plaintiff would be assaulted and battered by the knife-wielding drunk patrons."  (Id., ¶¶ 7-8.) Plaintiff also alleges that "[o]nly moments after the doe defendant officers left the scene, the drunk patrons pursued plaintiff and attacked him with a knife."  (Id., ¶ 9.)

## III. DISCUSSION

Plaintiff's first claim is against unidentified police officers under 42 U.S.C. § 1983 ("§ 1983"). (Compl. ¶¶ 10-15.) Plaintiff's second claim is alleged against defendant Spagnoli and doe

1  defendants for "deficient policies, practices and procedures regarding
2  the training of officers." (Id., ¶¶ 16-20.)  The second claim
3  incorporates the allegations in the first claim and is based upon
4  plaintiff's allegations that doe City of Benicia police officers
5  deprived him of liberty under the Fourth Amendment, when they failed
6  to protect him from being battered by a drunk patron.  Notwithstanding
7  plaintiff's allegation that his first claim is made under the Fourth
8  Amendment, the wording of the allegations in this claim, i.e.
9  "defendant officers caused plaintiff to be subjected to a deprivation
10 of liberty and/or property interest," and plaintiff's arguments raised
11 in opposition to the dismissal motion, show this claim is plaintiff's
12 attempt to allege a Fourteenth Amendment substantive due process
13 failure to protect claim. (Compl. ¶ 12, and Pl. Opp'n p. 2, lines 12-
14 13.)

15         To state a claim under Section 1983 against either an
16 individual defendant or a municipality, a plaintiff must establish
17 that he was deprived of a right secured by the Constitution or laws of
18 the United States.  American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S.
19 40, 49-50 (1999); Oviatt by and through Waugh v. Pearce, 954 F.2d
20 1470, 1474 (9th Cir. 1992).  The Fourteenth Amendment "Due Process
21 Clauses generally confer no affirmative right to governmental aid,
22 even where such aid may be necessary to secure life, liberty, or
23 property interests of which the government itself may not deprive the
24 individual."  DeShaney v. Winnebago County Dept. Of Social Services,
25 489 U.S. 189, 196 (1989).  There are two exceptions to this general
26 rule: 1) the "special relationship" exception and 2) the "danger
27 creation" exception. Estate of Amos v. City of Page, Arizona, 257 F.3d
28 1086, 1090-91 (9th Cir. 2001).

1    The "special relationship" exception arises when the

2 government enters into a "custodial" relationship with a party, such

3 as taking the party into custody or placing him or her into

4 involuntary hospitalization. <u>Huffman v. County of Los Angeles</u>, 147

5 F.3d 1054, 1058-59 (9th Cir. 1998).

6    The "danger creation" exception exists when "the

7 [government] affirmatively places the plaintiff in a dangerous

8 situation." <u>Estate of Amos</u>, 257 F.3d at 1091.  When considering

9 the "danger creation" exception in context of law enforcement

10 inaction, the focus is "whether the officers left [plaintiff] in

11 a situation that was more dangerous than the one in which they

12 found him." <u>Id</u>.; See also <u>Johnson v. City of Seattle</u>, 474 F.3d

13 634, 639 (9th Cir. 2007)(summarizing Ninth Circuit cases which

14 apply the "danger creation" exception); <u>Escamilla v. City of</u>

15 <u>Santa Ana</u>, 796 F.2d 266 (9th Cir. 1986)(stating "absence of some

16 special relationship to the victim, government officials

17 generally are not liable under section 1983 for their failure to

18 protect citizens from dangerous situations which [the] officials

19 neither created nor exacerbated.").

20    Here, Plaintiff fails to allege facts sufficient to

21 show that either the "special relationship" or the "danger

22 creation" exception applies to his claims.  Nor do Plaintiff's

23 allegations contain facts explaining why defendant Spagnoli is

24 exposed to liability for his claims.  Therefore, defendant's

25 dismissal motion is granted, and because of this ruling, it is

26 unnecessary to address defendant's alternative qualified immunity

27 argument. However, Plaintiff is granted fourteen (14) days leave

28

5

from the date on which this order is filed to amend the dismissed
claims in his Complaint.

Dated:  June 2, 2010

GARLAND E. BURRELL, JR.
United States District Judge